IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JERRY E. LOGAN,

        Plaintiff,

  vs.                                      Civil Action 2:16-cv-0034
                                                      Judge Graham
                                                      Magistrate Judge King

TIMOTHY BUCHANAN,

        Defendant.

**REPORT AND RECOMMENDATION**

    Plaintiff, a state prisoner, brings this civil rights action under 42 U.S.C. § 1983, seeking damages in connection with a dental procedure performed on him at the Noble Correctional Institution ("NCI"). This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A.

    The Court must dismiss the *Complaint*, or any portion of the complaint, if it determines that the *Complaint* or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). In conducting this review, the Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, even a *pro se* complaint must nevertheless plead

1

facts that give rise to a valid cause of action. *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009)(citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)(citations omitted)).

The *Complaint* alleges that an x-ray performed in September 2014 showed "dark spots . . . under [plaintiff's] teeth in [his] gums on both sides . . . ." *Id.* at p. 5. In June 2015, surgery was performed on plaintiff by an "assistant" who was assisted by "the Surgeon." *Id*. Plaintiff complains that he "was never told of the side effects. [Plaintiff] was told to have it done." *Id*. The *Complaint* names as a defendant only the warden of NCI and seeks monetary damages. *Id.* at 6.

The *Complaint* does not allege that the defendant warden participated in plaintiff's dental care. A supervisor may be held liable under 42 U.S.C. § 1983 for the alleged misconduct of others

2

only if "the plaintiff demonstrates that 'the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Combs v. Wilkinson*, 315 F.3f 548, 554 (6th Cir. 2002) quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "'At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id.*, quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982). Liability on the part of a supervisor must be based on "active unconstitutional behavior." *Id.*, citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Because the *Complaint* contains no such action on the part of the defendant warden, the *Complaint* fails to state a claim for relief.

Moreover, the Complaint fails to state an actionable claim under § 1983 for the denial of medical care. The Eighth and Fourteenth Amendments to the United States Constitution proscribe "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Constitution does not, however, prohibit medical malpractice within the prison context. *Id.; Webster v. Jones*, 554 F.2d 1285, 1286 (4th Cir. 1977); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976). Of course, a dispute over the course of medical treatment is likewise not actionable under §1983. *Young v. Gray*, 560 F.2d 201 (5th Cir. 1977). The *Complaint* does not allege the complete denial of medical or dental care or the deliberate indifference to plaintiff's medical or dental

needs; at most, the *Complaint* might allege medical or dental malpractice. Such an allegation, however, cannot proceed under § 1983.

It is therefore **RECOMMENDED** that the *Complaint* be dismissed for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those

4

objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                      *s/Norah McCann King*
                                      Norah M<sup>c</sup>Cann King
                            United States Magistrate Judge

January 14, 2016

5