```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Jerry E. Logan,

    Plaintiff,

  v.                                Case No. 2:16-cv-34

Timothy Buchanan,

    Defendant.

ORDER

Plaintiff, an Ohio state inmate incarcerated at the Noble Correctional Institution ("NCI"), brings a civil rights action under 42 U.S.C. §1983 against Warden Timothy Buchanan. Plaintiff seeks monetary damages in connection with a dental surgical procedure on an impacted tooth, alleging that he was never informed of the side effects. On January 15, 2016, the magistrate judge filed a report and recommendation on the initial screen of plaintiff's complaint pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(a)-(b)(1). The magistrate judge concluded that the complaint fails to state a claim for which relief could be granted, and recommended that this action be dismissed. See Doc. 4, pp. 2-4.

This matter is before the court for consideration of plaintiff's objections (Doc. 5) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

As the magistrate judge noted, a supervisor such as Warden Buchanan can only be held liable under §1983 if plaintiff

2

demonstrates that the supervisor encouraged the specific incident of misconduct or in some way directly participated in it. Combs v. Wilkinson, 315 F.3d 548, 554 (6th Cir. 2002). The complaint fails to allege that Warden Buchanan had any involvement in plaintiff's dental care. In addition, to state a claim under the Eighth Amendment, a prisoner must show that he has a serious medical condition and that the defendant displayed a deliberate indifference to his health. Farmer v. Brennan, 511 U.S. 825, 839 (1994); Estelle v. Gamble, 429 U.S. 97 (1976)). To be liable under the Eighth Amendment, the official must know of and disregard an excessive risk to inmate health or safety, must be aware of facts from which he could conclude that a substantial risk exists and must actually draw that conclusion. Farmer, 511 U.S. at 844. A complaint that a prison doctor or official has been negligent with respect to medical diagnosis or treatment does not state a valid claim under the Eighth Amendment. Estelle, 429 U.S. at 106; Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994). The allegations in complaint fail to show that Warden Buchanan knew about plaintiff's dental problems or that he acted with deliberate indifference to plaintiff's serious dental needs. The court agrees with the reasoning of the magistrate judge, and holds that the complaint fails to state a claim for relief against Warden Buchanan.

In his objection, plaintiff offers no argument as to why the conclusions of the magistrate judge are erroneous. He simply states that the reason he filed his complaint was that the dental treatment he received was poor, and he summarily alleges that "prison officials" and medical personnel were indifferent to his medical needs. He offers no information as to how Warden Buchanan

was involved in his dental care.

Even though Warden Buchanan is the only person listed as a defendant on the complaint form, plaintiff notes that he added "ET AL" after Buchanan's name on his civil cover sheet, and that he also intended to name as defendants NCI Health Care Administrator Vanessa Sawyer; and Drs. Hany A. Emam and Claire Towing, the dentists or oral surgeons from The Ohio State University who performed the procedure.  Plaintiff asks leave to file an amended complaint naming these persons as defendants.  However, the court notes that plaintiff has filed multiple actions in this court involving the same dental procedure, and that these individuals are already named as defendants in other cases.  See Jerry E. Logan v. Vanessa Sawyer (H.C.A.), No. 2:16-cv-37-JLG-EPD (S.D. Ohio) and Jerry E. Logan v. Hany A. Emam and Claire Towing, No. 2:16-cv-35-EAS-TPK (S.D. Ohio).  Therefore, permitting plaintiff to add these persons as defendants in this case would result in duplicate actions.  Plaintiff's request to amend the complaint is denied.

In accordance with the foregoing, the report and recommendation (Doc. 4) is adopted. Plaintiff's objection (Doc. 5) is overruled.  This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.  The clerk shall enter judgement dismissing this case.

Date: February 10, 2016        _____s/James L. Graham_____
                               James L. Graham
                               United States District Judge